The opinion of the court was delivered by
McEnery, J.
This is an appeal from a judgment sustaining an ex *159 ception of no cause of action to plaintiff’s petition. Petitioner alleges that she is the sole and only heir of the marriage of her mother, Seraphine Meulion, to Jacques Perrand; that her mother had a natural sister named Marie Joseph LeDue, who cohabited with one Philip Ross, and had by him one natural child, called Philip Ross, Jr. He acquired property and married Eugenie Alza. He died intestate and without issue on the 9th of February, 1864. His widow was recognized as his heir and placed in possession of his property. Mrs. Ross made a will giving the property she inherited from her husband' to her sister, Adele Faure. She made a will appointing Paul A. Bacas executor, and he was also the executor appointed in the will of Mrs. Ross.
Both wills were probated and letters testamentary issued to Bacas. All the parties to the late will are made defendants and the prayer ■of the petition is that all the proceedings had in the successions of Ross, Mrs. Ross and Adele Faure be decreed null and void, and the petitioner be placed in possession of the property purely and simply, in the succession of Philip Ross, Jr., as the petitioner is the sole and ■only heir of Philip Ross, Sr.
The plaintiff alleges that under Art. 9P7, C. 0., natural collaterals inherit, and that she is the nearest collateral and is entitled to inherit from Philip Ross, Jr., as he died without leaving lawful ascendant or ■descendants, to the exclusion of his surviving widow.
The article is free from ambiguity.
Lawful collaterals only can inherit, except where the law under certain conditions has favored the natural brothers and sisters and designated them as heirs and directs that the estate of the natural brother or sister deceased shall pass to them or their descendants. O. O. 928.
A natural child can not have an illegitimate ancestor and collateral relatives capable of inheriting from him other than the brother and ■sister or their descendants under the conditions prescribed in Art. 928, O. O.
An illegitimate child has no relatives in a legal sense in the ascending or collateral line.. C. 0.288.
He has no heritable blood, and therefore can not share in the estate ■of his legitimate relations. O. O. 921.
And he can only transmit his succession to such irregular heirs as the law designates.
*160 The Civil Code mentions three kinds of succession — testamentary, legal and irregular; and there are three kinds of heirs eoiTesponding to these successions — testamentary or instituted heirs, legal heirs or heirs of the blood, and irregular heirs. C. C., Art. 875, 879.
The nearest blood relative capable of inheriting is the heir in a legal succession.
An irregular succession is that which is established by law in favor of certain persons or of the State, in default of heirs, either legal or instituted by testament. O. C. 878.
In Art. 917, C. C., therefore, “collateral relations” refer to legal or lawful collaterals.
In the Code, Chap. Ill, “Of Irregular Successions,” there is no disposition made in favor of any natural collateral kindred except the brother and sister and their descendants.
Under the Code the wife is preferred to all the natural relatives of the husband, who are called to his succession and designated in the chapter of “ Irregular Successions.” Victor vs. Tagiasco, 6 L. 646; Succession of Ducloslange, 2 An. 98; Sayre vs. Pasco, 5 R. 9; Succession of Fletcher, 11 An. 59; Duplessis vs. Young, 11 An. 120.
The right of inheritance is created by law. There is no statutory provision authorizing the uncle or the aunt of an illegitimate person to inherit from him. 11 An. 59; Succession of Miller, 27 An. 374.
In this ease — Succession of Miller — the facts presented and the issue decided are identical with those in instant case.
Miller was illegitimate. He married and died intestate without issue, leaving a surviving widow. His uncle and aunt brought suit to be placed as his sole heirs in possession of his estate. Their pretensions were dismissed, and this court said in offering the judgment appealed from, “the surviving wife was left without competitors for the kinship and was properly decreed entitled to the property.”
Judgment affirmed.